COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                       NO.
 2-08-381-CR

 

 

JAMES PATRICK SMITH                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant
James Patrick Smith appeals his adjudication of guilt for violating conditions
of his community supervision.  In six
points, Appellant argues the trial court abused its discretion by revoking his
community supervision and imposing an eighty-year sentence.  We will affirm the trial court=s
judgment.

II.  Factual and Procedural Background

In April
2005, a grand jury indicted Appellant of eight counts of aggravated sexual
assault and one count of indecency with a child.  Appellant pleaded guilty on November 13,
2007, to one count of aggravated sexual assault.  The trial court placed Appellant on ten years=
deferred adjudication community supervision. 
The conditions of Appellant=s
community supervision prohibited him from drinking alcohol.








Appellant
attended a sex offender treatment session in late March 2008 with the smell of
alcohol on his breath and, at the time, admitted to drinking Aa beer
or half a beer prior to attending treatment.@[2]  During a later review of this violation with
his community supervision officer, Jeremy Thompson, Appellant admitted to
having Aapproximately
two-and-a-half beers@ before attending the sex
offender treatment session.  In June and
July, Appellant made multiple admissions to Thompson that he drank alcohol,
including one admission that he Aregularly
consumed a fifth of whiskey and approximately six or seven six-packs of beer
everyCin every
two-week period.  At that time,
[Appellant] said it was representative of how much he drank while on probation.@  On June 12, 2008, Thompson filed a Courtesy
Supervision Progress Report requesting the Montague County district attorney to
consider pursuing revocation of Appellant=s
community supervision.

On July
24, 2008, the State filed a motion to proceed with adjudication of guilt and
alleged that Appellant violated conditions of his community supervision by: (1)
consuming alcohol on or about March 17, 2008, and (2) having contact with a
minor child.  The trial court held a
hearing on the State=s motion on October 13, 2008,
and Appellant entered pleas of Anot true@ to both
allegations.  During the hearing,
Thompson testified that a July 23, 2008 conversation with Appellant Aimplied
that [Appellant] was continuing to drink.@[3]








After
hearing the evidence, the trial court found that on or about March 17, 2008,
Appellant violated a condition of his community supervision by consuming
alcohol.[4]  The court revoked Appellant=s
community supervision and adjudicated Appellant guilty of the felony offense of
aggravated sexual assault. On October 14, 2008, the trial court sentenced
Appellant to eighty years= imprisonment.[5]

III. Analysis

A.  Standard of Review








We
review an order revoking community supervision under an abuse of discretion
standard.  Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984); Jackson v. State, 645 S.W.2d
303, 305 (Tex. Crim. App. 1983); Cherry v. State, 215 S.W.3d 917, 919
(Tex. App.CFort Worth 2007, pet. ref=d).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant violated the terms
and conditions of community supervision. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Cherry,
215 S.W.3d at 919.  This standard is met
when the greater weight of the credible evidence creates a reasonable belief
that the defendant violated a condition of his community supervision as the
State alleged.  Allbright v. State,
13 S.W.3d 817, 819 (Tex. App.CFort
Worth 2000, pet. ref=d).  The trial court is the sole judge of the
credibility of the witnesses and the weight to be given their testimony, and we
review the evidence in the light most favorable to the trial court=s
ruling.  Cardona, 665 S.W.2d at 493;
Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.]
1981); Cherry, 215 S.W.3d at 919. 
If the State fails to meet its burden of proof, the trial court abuses
its discretion by revoking the community supervision.  Cardona, 665 S.W.2d at 493B94.  Proof by a preponderance of the evidence of
any one of the alleged violations of the conditions of community
supervision is sufficient to support a revocation order.  Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. [Panel Op.] 1980); Sanchez v. State, 603 S.W.2d 869,
871 (Tex. Crim. App. [Panel Op.] 1980). 

B.  Delay in Reporting Violation Does Not
Preclude Revocation

In the
first half of Appellant=s first point, he contends the
trial court abused its discretion by hearing evidence of Appellant=s
alleged violation of his Ano alcohol@ community
service condition in March 2008 because Thompson did not report Appellant=s
alleged violation to the court for three months.








A judge
may issue a warrant for violation of any of the conditions of the community
supervision at any time during the period of community supervisionCregardless
of the delay in reporting the alleged violation.  See Tex. Code Crim. Proc. Ann. art.
42.12, ' 21(b)
(Vernon Supp. 2009); Flournoy v. State, 589 S.W.2d 705, 709 (Tex. Crim.
App. 1979) (holding that Aa subsequent arrest on order of
the court rendered within the period of probation is in conformity with [article
42.12, section 21(b)] even though there is a delay in reporting the
alleged violation to the court@); Miller
v. State, 330 S.W.2d 466, 468 (Tex. Crim. App. 1959) (holding that
probation officer=s five-month delay in reporting
appellant=s violation did not preclude its
use as a basis for revocation).

Thomas
testified that on four different occasions, Appellant admitted to drinking
alcohol while on deferred adjudication probation in violation of a condition of
his community supervision.  With each
admission, the amount, frequency, or duration of alcohol consumption increased.  Any one of these admissions is sufficient to
affirm the trial court=s revocation of Appellant=s
deferred adjudication community supervision at any time during Appellant=s
community supervision.  See Moore,
605 S.W.2d at 926; Sanchez, 603 S.W.2d at 871.

Based on
the evidence detailed above, the trial court could have formed a reasonable
belief that Appellant violated a term of his community supervision by drinking
alcohol.  Because the trial court did not
abuse its discretion by permitting the State to present evidence of Appellant=s
violation of a condition of his community supervision, we overrule the first
half of Appellant=s first point.








In the
second half of Appellant=s first point, Appellant argues
we should reverse the trial court=s
revocation of his community supervision because he did not violate the Texas
Penal Code.  However, a trial court may
revoke an appellant=s community supervision because
an appellant violates the Texas Penal Code or a condition of his
community supervision.  See Tex.
Code Crim. Proc. Ann. art. 42.12, '' 21B23
(Vernon Supp. 2009); see Moore, 605 S.W.2d at 926; Sanchez,
603 S.W.2d at 871; see also Coffel v. State, 242 S.W.3d 907, 909 (Tex.
App.CTexarkana
2007, no pet.)  (AOn proof
that the defendant has violated one of the terms of [community supervision],
the trial court may, at a proper revocation hearing, . . . revoke the
probationer=s community release.@).

As
previously explained, the trial court could have formed a reasonable belief
that Appellant violated a term of his community supervision by drinking
alcohol.  Thus, the trial court did not
abuse its discretion by revoking Appellant=s
community supervision.  We overrule the
second half of Appellant=s first point. 

C.  Appellant Received Due Process Protections








In his
second point, Appellant contends the trial court abused its discretion by
allowing Appellant=s admissions during treatment to
be used to revoke his community supervision in violation of his due process
right under the U.S. Constitution. 








A
probationer is entitled to certain due process protections in the revocation
proceedings.  Bradley v. State,
564 S.W.2d 727, 729B30 (Tex. Crim. App. 1978); Moore
v. State, 11 S.W.3d 495, 499 (Tex. App.CHouston
[14th Dist.] 2000, no pet.).  In Gagnon
v. Scarpelli, the Supreme Court extended the due process protections to
state probation revocation proceedings, recognizing that revocation of
probation deprives an individual of a conditional liberty.  411 U.S. 778, 782, 94 S. Ct. 1756, 1759B60
(1973); see Diaz v. State, 172 S.W.3d 668, 671 (Tex. App.CSan
Antonio 2005, no pet.).  Specifically,
due process in a probation revocation proceeding entitles the probationer to
(1) written notice of the claimed violations of his probation, (2) disclosure
of the evidence against him, (3) an opportunity to be heard in person and to
present witnesses and documentary evidence, (4) a neutral hearing body, (5) the
opportunity to cross-examine adverse witnesses, and (6) a written statement by
the factfinder as to the evidence relied on and the reasons for revoking
probation.[6]  Black v. Romano, 471 U.S. 606, 611B12, 105
S. Ct. 2254, 2258 (1985).

Appellant
does not explain in his brief how the trial court violated his due process
protections under Black, nor does he cite to the record as support for
his contention.  Appellant simply argues
that the A[a]pplication of probation
standards to deferred adjudication is fundamentally unfair,@ and
that Adeferred
adjudication should be afforded the full range of right[s] afforded a defendant
under the due process clause of the Fourteenth Amendment.@  Appellant fails to cite any relevant
authority, from this jurisdiction or from any other, to support this
argument.  Therefore, we deem this point
inadequately briefed.  Tex. R. App. P.
38.1(i); Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 1053 (2001).  We
overrule Appellant=s second point. 

D.  Appellant=s
Admissions Not Compelled or Inadmissible








In his
third and fourth points, Appellant contends the trial court abused its
discretion by permitting his admissions of alcohol use to his probation officer
to be used as evidence against him during the revocation hearing.  Specifically, Appellant argues the admissions
were compelled and inadmissible under both the Fifth Amendment and the Texas
constitution.  

Appellant
makes no effort to distinguish the self-incrimination rights, protections, and
privileges afforded by the U.S. Constitution from those guaranteed by the state
constitution.  When briefing
constitutional issues, a party should separate federal and state issues into
distinct points or issues and provide substantive argument on each.  McCambridge v. State, 712 S.W.2d 499, 501
n.9 (Tex. Crim. App. 1986).  If a party
does not do this, we need not address federal and state constitutional issues
separately.  Eldridge v. State,
940 S.W.2d 646, 650B51 (Tex. Crim. App. 1996).
Therefore, because the state constitution gives no greater rights against
self-incrimination than does the U.S. Constitution, we will address Appellant=s third
and fourth points solely under the U.S. Constitution.  See Olson v. State, 484 S.W.2d
756, 762 (Tex. Crim. App.1972) (op. on reh=g); Carroll
v. State, 68 S.W.3d 250, 253 n.3 (Tex. App.CFort
Worth 2002, no pet.); see also Wood v. State, 18 S.W. 3d 642, 648 n.5
(Tex. Crim. App. 2000) (stating that where appellant=s brief
makes no distinction between federal and state protections, the court reviews
federal only). 








A person
may not be compelled to make an incriminating statement.  U.S. Const. amend. V.  However, this privilege against
self-incrimination must be invoked in all but a few specific situations in
order for an individual to claim his statement was compelled.  Chapman v. State, 115 S.W.3d 1, 6
(Tex. Crim. App. 2003).  Appellant
acknowledges he did not assert his right against self-incrimination before
telling Thompson about drinking alcohol. 
Therefore, we must determine whether the facts of this case fall within Athe
classic penalty situation@ relieving an individual of the
obligation to assert the Fifth Amendment privilege.  See id. 









In the
classic penalty situation, a person is threatened with punishment for asserting
his privilege against self‑incrimination, depriving him of his choice to
refuse to answer.  Id. (citing
Garrity v. New Jersey, 385 U.S. 493, 496, 87 S. Ct. 616, 618 (1967)).  In the context of a community supervision
situation, A[t]he critical inquiry is
whether a state has gone beyond merely requiring a probationer to appear and
speak on matters relevant to his probationary status, or >whether
[it goes] further and require[s] him to choose between making incriminating
statements and jeopardizing his conditional liberty by remaining silent.=A  Id. at 7B8
(quoting Minnesota v. Murphy, 465 U.S. 420, 436, 104 S. Ct. 1136, 1147
(1984)).  In Murphy, the Supreme Court
held that a probation condition requiring a probationer to be truthful with his
probation officer did not present a classic penalty situation.  Murphy, 465 U.S. at 439, 104 S. Ct. at
1148.  In making this determination, the
Court considered the following factors: (1) the obligation was similar to the
obligation of a trial witness compelled to appear who must answer truthfully
under penalty of perjury, or assert his Fifth Amendment privilege; (2) the
probation terms were silent as to the consequences should a probationer assert
his Fifth Amendment privilege; (3) there was no evidence the incriminating
statements were made because the probationer was threatened with revocation;
and (4) even if the probationer believed his probation could be revoked for invoking
the privilege, this belief would not have been objectively reasonable because
the State cannot carry out a threat to revoke probation for invoking the
privilege.  Murphy, 465 U.S. at
436B39, 104
S. Ct. at 1147B49.








In this
case, there is no indication that anyone expressly or impliedly stated that
Appellant=s community supervision would be
revoked if he exercised his privilege against self‑incrimination.  His community supervision required him to
meet monthly with Thompson and to permit Thompson to visit him at his home or
elsewhere.  But, here, as in Murphy,
there was no mention of the consequences of invoking his Fifth Amendment
privilege during these meetings and visits.  See id. at 437, 104 S. Ct. at 1147.  Further, Appellant does not claim that he
made the incriminating statements because he was threatened with community
supervision revocation, that his admissions were responses to direct questions,
or that he was expressly informed that refusing to divulge the incriminating
information would result in the imposition of a penalty.  See id. at 437B38, 104
S. Ct. at 1147B48.  Additionally, any belief by Appellant that
his community supervision would be revoked for invoking his Fifth Amendment
right would not have been objectively reasonable because the State could not
legitimately revoke his probation for that reason.  See id. at 438, 104 S. Ct. at
1148.  Because there is no evidence
Appellant would have been subject to an automatic penalty had he invoked his
Fifth Amendment right, Appellant was required to assert the privilege.  Chapman, 115 S.W.3d at 11.  Because he did not invoke his right against
self-incrimination, Appellant=s
statement was not compelled within the meaning of the Fifth Amendment.  Id. at 3.  Therefore, we hold the trial court did not
abuse its discretion by admitting testimony of Appellant=s
admissions.  Accordingly, we overrule
Appellant=s third and fourth points.

E.  Testimonial Evidence Sufficient to Support
Revocation

In his
fifth point, Appellant contends the trial court abused its discretion by
revoking his community supervision because Thompson=s
testimony was too inconsistent for the court to find facts supporting
revocation on the grounds that Appellant consumed alcohol on or about March 17,
2008.  








A trial
court may accept or reject any or all of a witness=s
testimony.  Allbright, 13 S.W.3d
at 819.  Thompson testified Appellant
attended a sex offender treatment session in late March 2008 with the smell of
alcohol on his breath and, at the time, admitted to drinking Aa beer
or half a beer prior to attending treatment.@  Thompson also testified Appellant later
admitted to having Aapproximately two-and-a-half
beers@ before
attending the session.  In June and July,
Appellant made multiple admissions to Thompson that he drank alcohol, including
one admission by Appellant that he Aregularly
consumed a fifth of whiskey and approximately six or seven six-packs of beer
everyCin every
two-week period.  At that time, he said
it was representative of how much he drank while on probation.@  Each of Appellant=s
admissions increased the amount, frequency, or duration of alcohol he consumed.

The
second condition of the trial court=s order
imposing community supervision stated that Appellant was not to drink
alcohol.  Based on Thompson=s
testimony, the trial court could have formed a reasonable belief that Appellant
violated a term of his community supervision by drinking alcohol on or about
March 17, 2008.  A finding of a single
violation of community supervision is sufficient to support revocation.  See Sanchez, 603 S.W.2d at 871.  Therefore, the trial court did not abuse its
discretion by revoking Appellant=s
community supervision.  We overrule
Appellant=s fifth point.








F.  Appellant Failed to Object to Punishment at
Revocation Hearing








In
Appellant=s final point, he complains the
trial court abused its discretion by sentencing him to eighty years=
imprisonment.  We agree with the State
that this issue is not properly before us because Appellant did not object or
otherwise raise the alleged error in the trial court.[7]  See Tex. R. App. P. 33.1(a)(1); Mercado
v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); see also Thompson
v. State, 243 S.W.3d 774, 776 (Tex. App.CFort
Worth 2007, pet. ref=d) (holding that appellant
forfeited his complaint regarding his post-adjudication sentence because he did
not object at trial or present his motion for new trial); Davis v. State,
No. 02-04-00132-CR, 2005 WL 627104, at *1 (Tex. App.CFort
Worth Mar. 17, 2005, pet. ref=d) (mem.
op., not designated for publication) (holding that appellant forfeited his
complaint regarding his sentence because he did not object at trial); Rodriguez
v. State, 917 S.W.2d 90, 92 (Tex. App.CAmarillo
1996, pet. ref=d) (stating that error was not
preserved for review because appellant failed to raise the severity of his
sentence when punishment was assessed and failed to file a motion for new trial).  Therefore, we must overrule Appellant=s sixth
point.

IV. Conclusion

Having
overruled each of Appellant=s six
points, we affirm the trial court=s
judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  CAYCE, C.J.; GARDNER and
MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 17, 2009











[1]See Tex. R. App. P. 47.4.





[2]Appellant=s community supervision
officer testified this event occurred a week or two before he took over
Appellant=s case in the first week
of April 2008.





[3]Thompson testified that
his last contact with Appellant occurred July 23, 2008.  Thompson transferred from the Sex Offender
Unit of the Tarrant County Adult Probation Department on July 31, 2008.





[4]The trial court did not
find the second allegation, contact with a minor child, to be true.





[5]The trial court assessed
punishment one day after the hearing on the State=s motion to revoke
community supervision so that an updated Presentence Investigation Report could
be prepared, submitted, and reviewed by Appellant and the State.





[6]Appellant did not request
written findings of fact or conclusions of law. 
See King v. State, 649 S.W.2d 42, 46 (Tex. Crim. App. 1983); Gonzales
v. State, Nos. 05-07-01710-CR & 05-07-01711-CR, 2009 WL 294851, at *5
(Tex. App.CDallas Feb. 9, 2009, no
pet.) (not designated for publication).





[7]Even assuming this point
was properly before us, we would overrule Appellant=s sixth point.  Section 12.32 of the penal code states that a
person adjudicated guilty of a first degree felony shall be punished by
confinement in the Texas Department of Criminal Justice for life or for any
term of not more than ninety-nine years or less than five years.  Tex. Penal Code Ann. ' 12.32(a) (Vernon
2009). It is clear the punishment assessed by the trial court fell within the
range of punishment established by law, and a penalty imposed within the range
prescribed by the legislature will not be disturbed on appeal.  Nunez v. State, 565 S.W.2d 536, 538
(Tex. Crim. App. 1978).